# Mead *against* Kilday.

Under a judgment against an administrator nothing but the assets of the decedent can be levied; and if these cannot be found, he can be pursued personally only in an action for a *devastavit*.

A qualified property in a chattel is sufficient to enable a plaintiff to maintain *replevin* for it.

CRAWFORD county. Common pleas.

This was an action of *replevin* by Philip Mead against Daniel Kilday for a horse.

Daniel Kilday had a judgment on the docket of a justice against John Mead and William Mead, administrators of John Mead deceased, upon which he obtained an execution and levied on the horse in dispute, which was then in the possession of Philip Mead the plaintiff, and sold it, and purchased it himself, upon the allegation that it belonged to John Mead, the administrator of John Mead deceased. Philip Mead, the plaintiff, was the son of John Mead, and alleged the property was his by purchase from his father. Two questions arose on the trial of the cause: that of fact, to whom did the property belong? and that of law, if it did belong to the father John Mead, could it be levied and sold upon a judgment against him as administrator? The court decided the law, and the jury the fact, in favour of the defendant.

*Derrickson* and *Farrelly*, for plaintiff in error, cited the fourth and eleventh sections of the 20th of March 1810. 1 *Bac. Ab.* 374.

*Riddle*, contra, cited, 1 *Salk.* 310; 1 *Wils.* 258; Griffith *v.* Chew, 8 *Serg. & Rawle* 17; 2 *Saund. Pl. and Ev.* 760; 10 *Mod.* 25; 5 *Mass.* 303; 9 *Mass.* 310; 5 *Mass.* 112; *Chitty's Pl.* 108.

PER CURIAM.—The direction was clearly wrong. Granting the property to have been in the plaintiff's father, yet it was levied and sold under a judgment against him as an administrator. Under such a judgment it is clear that nothing but the assets of the dece-

[Mead v. Kilday.]

dent can be levied ; and if these cannot be found, the administrator can be pursued personally only in an action for a *devastavit.*　If, as is suggested, the execution was against the administrator personally, it was void for want of a judgment to support it ; and a sale on it could pass no title.　Whether, then, the plaintiff had acquired the absolute ownership or not, he had, by the bailment, a qualified property which was sufficient to enable him to maintain the action ; and the direction ought to have been that he was entitled to recover.

Judgment reversed, and a *venire de novo* awarded.