McCoy *v.* Cadle.

4    557
101    248

Replevin may be sustained on the right of possession of property, without reference to the ownership or right of property.

Where, in an action of replevin, the plaintiff asked the court to instruct the jury as follows: "1. That it is not necessary in replevin, that the plaintiff should prove that he is the rightful owner of the property replevied. If he had the peaceable possession, his right of possession was good against every person, but the real owner, or some one having a better right of possession. 2. That if the plaintiff had possession of the property, his right of possession is good against all persons, until a better right is proved by some other person," which instructions the court refused to give; *Held,* That the court erred in refusing to give the instructions.

*Appeal from the Davis District Court.*

REPLEVIN for a hog, to the possession of which plaintiff avers he is entitled, and which is wrongfully detained from him by defendant. The defendant, by his answer, alleges that the hog is not the property of plaintiff, but is the property of defendant. The action was commenced before a justice of the peace, and the judgment rendered in favor of defendant. On appeal to the District Court, the plaintiff excepts to the instructions of the court, given at the request of the defendant, and to the refusal to give certain instructions asked by plaintiff. Judgment being rendered for defendant, the plaintiff appeals. The instructions will be found in the opinion of the court.

*Palmer & Trimble,* for the appellant.

No appearance for the appellee.

STOCKTON, J.—The District Court erred in refusing to charge the jury as requested by the plaintiff. The question involved is, whether the plaintiff can maintain the action of replevin, on his right of possession, without reference to the ownership or right of property. On this subject, we entertain no doubt. The question has been set at rest by numerous adjudicated cases, and our own Code, if there was still any room for doubt, has spoken authoritatively. One entitled to the present possession, where the property is wrongfully detained from him, may maintain the action, even against the rightful owner. Code, § 1995. *Pangburn* v. *Partridge*, 7 Johnson, 140; *Smith* v. *Williamson*, 1 Binney, 147; *Mead* v. *Kilday*, 2 Watts, 110.

In the present case, the District Court refused to instruct the jury at the request of the plaintiff: 1. That it is not necessary, in replevin, that the plaintiff should prove that he is the rightful owner of the property replevied. If he had the peaceable possession, his right of possession was good against every person but the real owner, or some one having the better right of possession. 2. If the plaintiff had possession of the property, his right of possession is good against all persons, until a better right is proved by some other person. The refusal to give these instructions was erroneous.

It is true, that the court afterwards charged the jury, that "it made no difference who was the owner of the hog, if the plaintiff had the right to its possession." This instruction was not only in contradiction to the ruling of the court, in its refusal to give the first instruction asked by the plaintiff, and thereby tending to confuse the minds of the jury; but it was given in connection with the written charge of the court, in which the jury are told that, "the plaintiff claims that at the time of the commencement of the suit, he was the owner, and entitled to the possession of the hog." and that the jury "must first inquire, whether the hog in controversy is the property of the plaintiff." So that it

was impossible for the jury rightly to know whether they were to try the question of the right of property, or the right of possession in the hog. The plaintiff, in his petition, only claims to recover on his right to the present possession of the hog, and its wrongful detention by the defendant, and not on his right of property. The District Court had no right to charge the jury that the plaintiff sued for the right of property, and that they must first inquire whether the hog was his property.

Judgment reversed.