PORTER v. DALHOFF & CO. ET AL.

1. **Venue:** ACTION FOR SPECIFIC PERSONAL PROPERTY: STATUTES CONSTRUED. An action for specific personal property may be brought, under section 3225 of the Code, in any county in which the property or some part thereof is situated; and when such an action was dismissed as to the defendant residing in the county in which the action was begun and the property situated, the other defendants, who resided in another county, were not entitled to have it dismissed as to them. Section 2587 of the Code, does not apply to such a case, but only to actions purely personal.

*Appeal from Decatur District Court.*

THURSDAY, OCTOBER 5.

PLAINTIFF commenced this action in detinue to recover a stock of goods, and for damages for the unlawful detention of the same. R. M. Sylvester, deputy sheriff, and Dalhoff & Co. were made defendants, and it appears from the petition that Sylvester levied an execution upon the goods, in a case in which Dalhoff & Co. were plaintiffs in execution, and a partnership named Porter & Porter were defendants.

The defendants appeared and Sylvester demurred to the petition on the ground that it did not show that any written notice of ownership had been served on him by plaintiff before suit brought, and on the further ground that a levy upon the goods by a deputy sheriff did not make him liable to the action, but that, if there was any liability, it was against the sheriff.

The first ground of demurrer was confessed, and leave was taken to amend the petition. The second ground of demurrer was sustained, and the defendant Sylvester was discharged.

Thereupon, the defendants Dalhoff & Co., moved the court for a change of the place of trial on the ground that they had been sued in the wrong county. A showing was made that they were residents of Des Moines county. The motion was overruled. On the same day plaintiff amended his petition

and asked that the cause be continued for service upon A. J. Allen, sheriff. A continuance was ordered to which Dalhoff & Co. objected and excepted. The sheriff answered admitting the service of a written notice on a Saturday evening and averring that he released the goods to the plaintiff on the Monday following. He also averred that Dalhoff & Co. had a valid judgment upon which the levy of execution was made, and that the title to the goods was in Porter & Porter, and they were subject to the execution, and asking for the return of the goods to him and for possession of the same.

The defendants, Dalhoff & Co., averred in substance the same as the answer of the sheriff.

There was a trial by jury and a verdict for the plaintiff, awarding him the goods and damages in the sum of $20. It was further found that Allen, the sheriff, returned the goods to the plaintiff within a reasonable time after the service of the written notice on him. Thereupon, the court, on motion of Allen, discharged him, and held that he was not liable in damages and costs. The defendants, Dalhoff & Co., then moved the court to dismiss the action as to them and allow them compensation for attending court in a county other than their residence. The ground of the motion was that, as they were sued jointly with Allen who is a resident of Decatur county, and no judgment was obtained against Allen, there could be no judgment against them. The motion was overruled and judgment was rendered against them for the damages and costs, and they appeal.

*Hammack, Howard & Virgin*, for appellants.

*E. W. Haskett*, for appellee.

ROTHROCK, J.—This is an action for specific personal property, and under section 3225 of the Code "it may be brought in any county in which the property, or some part thereof, is situated." The venue is not limited to the county of the residence of the defendant. The defendants Dalhoff & Co.

were required to either disclaim any interest or claim to the property or defend the action in the county where it was situated. They were not entitled to a change of the place of trial.

By their answer they contested the ownership and right of possession of the property, and they had no right to a dismissal after verdict against them because Allen was released. Section 2587 of the Code, upon which appellants rely, has no application to a case like this. That section refers to actions which are purely personal.

AFFIRMED.