## LAUGHLIN ET AL. V. MAIN.

1. **Practice in Supreme Court**: PRESUMPTION IN FAVOR OF TRIAL COURT. This court will exercise presumptions in favor of the rulings of the trial court; and where it does not appear that all the evidence upon which the court acted is before this court, the ruling complained of will not be reversed.

2. **Replevin**: VENUE: JURISDICTION: NOT LOST BY FAILURE TO OBTAIN THE PROPERTY. Upon consideration of sections 3225, 3229, 3230 and 3238 to 3244 of the Code, it is *held* that, where an action in replevin is begun in the county where the property is, but against a defendant residing in another county, a failure to secure the property under the writ does not defeat the jurisdiction of the court to entertain the case to the end; and in such case the defendant is not entitled to have the cause removed to the county of his residence. Compare *Porter v. Dalhoff*, 59 Iowa, 459.

3. **Practice in Supreme Court**: RULING NOT EXCEPTED TO NOT REVERSED. A party cannot have a review in this court of a ruling to which the record fails to show that he saved an exception.

*Appeal from Ringgold District Court.*

WEDNESDAY, JUNE 4.

ACTION OF REPLEVIN. A motion by defendant to change the venue to the county of his residence was overruled, and thereupon, defendant failing to plead to the petition, default was entered and judgment rendered thereon. The defendant appeals.

*Fogg & Neal*, for appellant.

*Askren Bros.* and *Laughlin & Campbell*, for appellees.

BECK, J.—I. The plaintiffs sought by this action to recover possession of specific personal property. A bond was filed, and a writ of replevin was issued, which was returned without service showing the delivery of the property to plaintiffs, the officer stating therein that it was not found, and that defendant did not either admit or deny that it was in his possession.

The defendant at the next term of court filed a motion asking that the venue of the cause be changed to Madison county, for the reason that he resided therein; that the cause of action did not arise in Ringgold county, and was not based upon a written contract to be performed in that county, and that no part of the property in question was at any time situated in Ringgold county. The facts upon which the motion was based are shown in an affidavit of defendant. It is admitted by plaintiff that defendant resided in Madison county, but plaintiffs filed certain affidavits, showing that defendant, on the day after the officer demanded the property, admitted that it was in his possession.

The correctness of the defendant's abstract is denied by plaintiffs, and they make certain amendments thereto, which are in turn denied by defendant. It therefore becomes necessary to refer to the written record filed in the case in this court, from which it appears that the affidavits filed by plaintiffs tend to establish that the property, at the time the suit was commenced and service of the writ was attempted, was in Ringgold county. But the record fails to show that all the evidence upon which the court acted in deciding upon the motion was preserved and is presented to us. For aught that appears in the record, there may have been other evidence submitted upon the motion, or there may have been admissions, or other facts shown, establishing beyond dispute that the property was at the proper time in Ringgold county, thus subjecting it and the defendant to the jurisdiction of the courts of that county. We will exercise presumptions in favor of the decision of the district court, which we will not reverse, unless it be made to appear that we have before us all the evidence upon which that court acted.

1. PRACTICE in supreme court: presumption in favor of trial court.

II. But counsel for defendant contend that the court of Ringgold county did not acquire the right—jurisdiction—to retain and try the action after plaintiff's application for the change of venue, for the reason that the property was not reached by the

2. REPLEVIN: venue: jurisdiction: not lost by failure to obtain the property.

writ of replevin, and thereunder delivered to the plaintiff. In other words, it is insisted that an action of replevin in all cases must be changed to the county of the residence of defendant, when the property is not taken and delivered under. the writ.

Code, section 3225, provides that "an action for the recovery of specific personal property may be brought in any county in which the property or some part thereof is situated." In an action contemplated by this section, when a bond is executed by the plaintiff as prescribed therein, a writ of replevin is issued, requiring the property to be taken and delivered to the plaintiff. Sections 3229, 3230. · If the property is not taken and delivered to the plaintiff, or if the defendant retains possession of it, a judgment is rendered in favor of plaintiff for its value. Sections 3238–3244.

We discover that the statute in these provisions contemplates two distinct remedies, viz: (1) the delivery of the property to the plaintiff; (2) where this is not or cannot be done, the rendition of a judgment for the value of the property. And it will be observed that after judgment, when the property has not been before delivered to plaintiff, a writ may issue upon which it may be done. It will be readily seen that the statute contemplates two forms of proceeding, one of the nature of the common-law writ of *replevin*, and the other partaking of the character of the common-law proceeding in *detinue*. But section 3225, which we have quoted above, applies to both of these proceedings, and authorizes actions to be brought by either, in the county wherein the property is situated. It follows, therefore, that the jurisdiction of the court to retain the cause does not follow or depend upon the fact of the seizure and delivery of the property to plaintiff.

This court has held that an action called *detinue*, wherein the delivery of the property is not sought upon a writ of replevin issued upon the the commencement of the action, may be brought in the county wherein the property is situated.

*Porter v. Dalhoff & Co. et al.*, 59 Iowa, 459. The statute does not provide that a different rule should prevail when a writ of replevin issues, and is not served by the delivery of the property.

III. The defendant insisted that the court erred in rendering judgment by default upon his failure to plead to the action. As the district court rightly retained the case, it was for trial therein, and, under familiar rules, the plaintiff was entitled to a default and judgment thereon upon the failure of defendant to answer. And it may be further said that defendant is in no condition to argue the objection, for the reason that he did not except to the default and judgment, which is shown by the written record filed in this case. The judgment of the district court must be

3. PRACTICE in supreme court: ruling not excepted to not reviewed.

AFFIRMED.