E. E. NEWTON, Appellant, v LOUIS ROUND et al.

Replevin: ELECTION TO TAKE PROPERTY: *When a waiver of damages.*
Where a successful intervenor in replevin, entitled, under Code
1873, section 3241, to the value or return of property from plain-
tiff, where the latter had acquired the same by giving a bond,
elected to take the property, and made no claim for damages, he
cannot maintain a separate action on the bond for injuries to the
property caused by plaintiff while it was in his possession.

*Appeal from Blackhawk District Court.*—HON. FRANKLIN
C. PLATT, Judge.

FRIDAY, OCTOBER 13, 1899.

ACTION at law on a replevin bond. A demurrer to the
second count of the petition was sustained, and, the plain-
tiff refusing to plead further, judgment was rendered in
favor of the defendant for costs. The plaintiff appeals.—
*Affirmed.*

*Alfred Grundy* for appellant.

*John C. Scott* for appellees.

ROBINSON, C. J.—The material facts shown by the
count demurred to are substantially as follows: In May,
1896, Hortense Ward exchanged with the plaintiff a mare for
an animal then owned by him. By the terms of the exchange,
Hortense Ward was to retain and care for the mare for the
plaintiff until the 1st day of June. Before the mare was
delivered to the plaintiff, on the 27th day of May, 1896, the
defendant Round commenced an action in justice's court
against Hortense Ward and Charles Osgood to obtain posses-
sion of the mare. To secure her immediate delivery to him,
Round filed the bond in suit, with the defendant Bancroft

as surety. The condition of the bond was that if Round should "pay the said defendant all the damages he may sustain by reason of the wrongful suing out of the said writ of replevin, and return the property, if a return be awarded, and otherwise obey the order of the court, then this bond to be void; otherwise, in full force." A writ of replevin was issued, and the mare was taken under it and delivered to Round. In the trial in justice's court the plaintiff in this action intervened, and the possession of the mare was awarded to him. An appeal to the district court was taken by Round, and there was a trial in that court, which resulted on the 1st day of February, 1897, in a judgment in favor of the plaintiff in this action for the possession of the mare. After that judgment was rendered, Round returned the mare to the home of Hortense Ward. At that time the mare was emaciated, hidebound, one of her legs had been injured, and she was worthless. When he obtained possession of her by means of the writ of replevin, she was a sleek, handsome, clean-limbed, clean-bodied animal, without any serious defect, and was salable. The count demurred to alleges that by reason of the wrongful taking of the mare the plaintiff was prevented from securing possession of her at the time agreed upon, and in consequence suffered damage to the amount of twenty-five dollars; that he was damaged in that he was deprived of the use of the mare in the sum of twenty-five dollars, and that, by reason, of the failure of Round to return her in as good condition as she was in when taken, the plaintiff has sustained damage in the sum of fifty dollars. Judgment on the bond for one hundred dollars, interest, and costs, is demanded.

I. The plaintiff was the owner of the mare, and was entitled to possess her, when the action in replevin was tried in justice's court. Therefore he was entitled to intervene in that action to protect his rights. Code 1873, section 3228. From the relief granted, we must presume that he asserted his

·ownership and right of possession as against both the plaintiff and the defendant in that action.

II.   The proceeding of the plaintiff was in effect an action for the recovery of specific personal property, within the meaning of section 3225 of the Code of 1873, and was governed, so far as applicable, by that and subsequent sections.   Subdivision 6 of that section required him to state the amount of damages, if any, which he ought to recover for the detention of the property; and section 3241 gave him an option to have execution for the return of the property or for its value.   He does not appear to have alleged or demanded judgment for damages, nor to have asked a judgment for the value of the property.   It was the policy of the statute to require to be adjudicated in that action the intervener's right to the possession of the mare, the damages he was entitled to on account of her wrongful detention, and to give him, if he elected to take it, judgment for the value of the property, if he preferred that to the property,—not to have his rights tried piecemeal in distinct actions.   By failing to demand relief to which he may have been entitled in the action in replevin, he waived his right to recover it in another action. We conclude that the demurrer was properly sustained, for the reasons stated, and find it unnecessary to consider other questions discussed in argument.   The judgment of the district court is AFFIRMED.