W. P. RUST, Appellee, v. L. P. OLSON. Appellant.

Where the party found entitled to the property in controversy, in a replevin suit before a justice of the peace, elects to take a money judgment for the value thereof as fixed by the jury, as he is authorized to do by Code, section 7148, he may remit the excess over twenty-five dollars, and thus defeat an appeal to the district court.

*Appeal from Buena Vista District Court.*—HON. W. B. QUARTON, Judge.

SATURDAY, APRIL 13, 1901.

APPEAL from an order sustaining a motion dismissing an appeal from the decision of a justice of the peace.—*Affirmed.*

*I. W. Bane,* for appellant.

*M. E. Mack* for appellee.

DEEMER, J.—The action was for the recovery of a steer alleged to be of the value of $28. At the trial before the

justice the jury found that plaintiff was entitled to the pos-
session of the animal, and fixed its value at $28. Thereupon
defendant filed a bond, and then and there gave notice of
appeal. Thereafter plaintiff filed a remittitur, in which he
remitted all sums given by the jury over and above $24.99,
and elected to take judgment for that sum in full payment
of the steer. After these proceedings were had, the justice
of the peace rendered judgment for the amount found by the
jury, and approved defendant's appeal bond. When the
case came to the district court the plaintiff filed a motion to
dismiss, and affirm judgment, on the ground that the amount
in controversy did not exceed $25. This motion was sus-
tained, and the district court rendered judgment against de-
fendant for the sum of $24.99, with costs. The appeal is.
from this ruling.

Ordinarily, the amount in controversy, which must be
more than $25 to justify an appeal from the judgment of a
justice of the peace, is to be determined from the pleadings.
That amount in the instant case was $28. The allegations
as to value are not, of course, conclusive in actions for the
recovery of specific personal property, but *prima facie* they
are accepted as correct. But where the pleadings show that
more than $25 is involved, the party in whose favor the judg-
ment is to be awarded may, as a rule, remit all in excess of
$25, and thus defeat the appeal. *Milner v. Gross,* 66 Iowa,
252; *Bateman v. Sisson,* 70 Iowa, 518. Even though a bond
be filed and accepted before the remittitur is made, yet, if
made before judgment, there can be no appeal. *Knox v.
Nicoli,* 97 Iowa, 687. These rules are now very firmly es-
tablished; and section 4110 of the Code, prohibiting remit-
titurs to defeat appeals from superior and district courts.
seems to have no application. But defendant contends that
they do not apply to actions of replevin, and that, if they do,
as the judgment was in fact for $28, there is a right of ap-
peal. There is no question as to the jurisdiction of the jus-
tice. That court had jurisdiction of the case, and the only
point in dispute is as to the "amount in controversy," as.

that term is used in section 4547 of the Code. In the *Knox Case, supra,* the jury returned a verdict of $40. Plaintiff filed a remittitur of all in excess of $24.50.. The appeal bond was filed before the remittitur, and judgment was rendered for $40. Held, that the amount in controversy was less than $25, that the appeal was not perfected until after judgment, and that the appeal should be dismissed. The case disposes of one of appellant's contentions, and the only other left is, does the rule with reference to remittiturs apply to actions of replevin? In actions of that character the jury must assess the full value of the property, find which of the parties is entitled to possession, and the value of the right (Code, section 4175) ; and the judgment must also determine which party is entitled to possession, and the value of the right (Code, section 4176) ; and, if the party found entitled thereto is not already in possession of the property, he may, at his option, have execution for the value thereof, as determined by the jury (Code, section 4178). There is nothing in any of these provisions expressly inhibiting the filing of a remittitur. If there be any such inhibition, it is to be inferred from section 4178, which provides that the party may, at his option, have execution for the value of the property as fixed by the jury. If plaintiff, found entitled to the possession, elects to take a money judgment, and relinquishes all claim to the property, we know of no reason why he may not elect to take a judgment for a less sum than that fixed by the jury; in other words, remit all in excess of the sum named by him. If this be true, then from the time of filing the remittitur the amount in controversy is less than $25. In the remittitur filed by plaintiff he elected to take the value of the property in the sum of $24.99; to take a money judgment, waive all right to the animal, and remit to the defendant all sums over and above the amount named. As he had the undoubted right to take a money judgment, and as he remitted all over $24.99 allowed by the jury, it seems to us that the amount in controversy was less than $25 from the time of such election. While we have said the action was re-

plevin, it would be more accurate to say that it was detinue, for no writ was issued for the delivery of the property to plaintiff pending the litigation. In such a case it is clear that plaintiff may have judgment for the value of the property (*McNorton v. Akers*, 24 Iowa, 369; *Laughlin v. Main*, 63 Iowa, 580); and there ought to be no doubt of plaintiff's right to remit part of the sum awarded by the jury. The question of the power of the district court to render judgment for $24.99 does not properly arise, and is not, therefore, considered.—AFFIRMED.