Anna Chesmore Lowrey, Administratrix, **Appellant**, v.
Sarilda Bailey Schroeder, Appellee.

**REPLEVIN**: **Money Judgment in Lieu of Replevin Note.** A defendant
who alleges ownership of a promissory note which is the subject of
replevin may, after verdict in his favor, elect to take judgment for
the value of the note, even though, after the note. was seized under
the writ, defendant filed a claim in probate on said note, the
plaintiff having died after the commencement of the action. (Sec.
4178, Code, 1897.)

*Appeal from Delaware District Court.*—H. B. Boies, Judge.

December 21, 1920.

Action in replevin. Verdict for defendant, and judgment
for the value of the property in controversy. Plaintiff appeals.
—*Affirmed.*

*Trewin, Simmons & Trewin, Fred B. Blair, Grimm,
Wheeler & Elliott,* and *E. B. Stiles,* for appellant.

*Hugh Clemans* and *Cook & Cook,* for appellee.

Stevens, J.—On December 2, 1911, C. Chesmore, since de-
ceased, commenced this action for the possession of a $500 note
purporting to have been signed by him, alleging that his signa-
ture thereto was a forgery. Bond in the usual form was given.
On or about January 28, 1912, the plaintiff died, and later,
Anna Chesmore Lowrey, his wife, who has remarried, was ap-
pointed administratrix, and substituted as plaintiff.

On March 21, 1913, the defendant filed answer, admitting
the formal allegations of plaintiff's petition, and averring that
the note in controversy was genuine, and of the value of $500,
and that she was the absolute owner thereof at the time of the
commencement of suit, and at the time of filing the answer. The
defendant, however, prayed judgment for the value of the note,
together with attorney fees and damages against plaintiff as

administratrix, and against the sureties on the replevin bond. On July 10, 1912, the defendant filed a claim against the estate of C. Chesmore, based upon said promissory note, and asking the allowance thereof. The trial of the case appears to have consumed several days, and, near its close, counsel for plaintiff asked leave to file an amendment to the petition, to conform the pleading to the evidence, alleging that the defendant, before filing answer in the replevin suit, waived any claim or right to judgment against plaintiff and the sureties on the replevin bond for the value of the property, by filing a claim in probate based upon said note, and asserting ownership thereof. The court refused to permit the offered amendment to be filed. At the close of all the evidence, counsel for plaintiff· requested the court to instruct the jury that the filing of the claim in probate constituted an irrevocable election upon her part to claim possession and ownership of the note, and that, in the event the suit should be determined in her favor, she be deemed to have waived her right to judgment for the value of the property. The offered instruction was refused by the court.

The right of the defendant in a replevin action, under Section 4178 of the Code, to elect to have an execution for the return of the specific property, or for judgment for the value thereof, has been frequently sustained by this court. *Rust v. Olson,* 113 Iowa 571; *Sheffield v. Hanna,* 136 Iowa 579; *Blaul & Sons v. Wandel,* 137 Iowa 301; *Richards v. Hellen,* 153 Iowa 66; *Newton v. Round,* 109 Iowa 286. It is also the settled rule in this jurisdiction that the defendant may, by an appropriate pleading in the replevin action, treat the taking of the property as a conversion, and recover the value thereof with interest; but that, having done so, he is not entitled to damages. *Becker & Degen v. Staab,* 114 Iowa 319; *Powers v. Benson,* 120 Iowa 428. The election to have an execution for the delivery of the specific property, or a judgment against the plaintiff and the sureties on the bond for the value of said property, need not be exercised until the verdict of the jury fixing the value of the property has been returned. In so far as the answer in the replevin suit asserts ownership of the note, it is not inconsistent with the position assumed in the written claim, or by the filing thereof in probate for allowance. The doctrine of election, as

stated in *Kearney M. & E. Co. v. Union Pac. R. Co.*, 97 Iowa 719, is as follows:

"A man may not take two contradictory positions; and, where he has two modes of redress, and the two are so inconsistent that the assertion of one involves the negation or repudiation of the other, his deliberate and settled choice of one, with knowledge or means of knowledge of such facts as would authorize a resort to each, will preclude him thereafter from going back and electing again."

The defendant had but one remedy for the collection of the note against the estate of C. Chesmore, and that was by filing a claim in probate. She sought the allowance thereof as a claim of the first class, and filed her claim within six months after the death of Chesmore. Necessarily, she asserted ownership of the note. She was an involuntary party to the replevin suit, and had no control thereover. The option allowed by Section 4178 of the Code does not have the effect of creating two concurrent, inconsistent remedies. The election to have judgment entered on the verdict against the plaintiff and the sureties on the bond amounts to nothing more than the exercise of a right conferred by statute, which need not be exercised until the issues have been determined by the jury, and the value of the specific property fixed thereby. It goes to the form of the judgment to be entered, and not to the right of recovery. While the right to have an execution for the return of the specific property or a judgment for its value is a part of the remedy, it is no more than an alternative right, to be exercised after the controversy has been settled by the verdict. The defendant, by asking judgment for the value of the property, following averments of ownership of the specific property, did not necessarily elect to treat the property as having been converted by the plaintiff. After verdict was returned, counsel for defendant moved the court for judgment against the plaintiff and the sureties on the bond, for the value of the note as fixed by the verdict of the jury. Resistance was filed thereto by counsel for plaintiff, based upon defendant's alleged election in filing the claim in probate claiming ownership of the note. The motion was, as already appears, sustained. It is our conclusion that the defendant did not, by filing a claim in probate, based upon the

note in controversy, thereby irrevocably waive the right to exercise the option conferred by Section 4178 of the Code, to have judgment entered for the value of the property, instead of the return thereof. She could in no other way preserve her claim against the estate as a claim of the first class, and protect herself against possible contingencies that might arise in the course of the replevin suit, over which she did not have control. It follows that the judgment below is—*Affirmed.*

WEAVER, C. J., LADD and ARTHUR, JJ., concur.