W. F. NEWBERRY v. D. S. GIBSON, Appellant.

**Partnerships:** RIGHT OF ONE PARTNER TO SUE ANOTHER. The general rule that a suit at law cannot be maintained by one partner against another until there has been a settlement of the partnership affairs, does not apply to demands growing out of a transaction unconnected with the partnership, or which the partners have isolated from the general account.

| 125 | 575 |
| 126 | 600 |
| 125 | 575 |
| 136 | 588 |
| 125 | 575 |
| 137 | 307 |

**Replevin:** DAMAGES. In a replevin action, where the plaintiff elects to take a money judgment for the value of the property at the time of trial, he is entitled to damages for its detention.

*Appeal from Webster District Court.*— HON. W. D. EVANS, Judge.

THURSDAY, NOVEMBER 17, 1904.

Suit at law to recover specific personal property. Trial to a jury, and a verdict and judgment for the plaintiff. The defendant appeals.— *Affirmed.*

*Healy Bros.. & Kelleher,* for appellant.

*William T. Chantland* and *Kenyon & O'Connor,* for appellee.

SHERWIN, J.— The parties to this action were partners in the livery business and on the 17th day of August, 1902, they executed a written memorandum of agreement as follows: " Newberry sells Gibson his one-half of livery at ten per cent. off on all stuff, after taking out four horses as follows: Tony and Goldust, Barney and Chub, at invoice price; possession to be given as soon as invoice completed." On the same day the livery stock was invoiced, and the sole possession thereof surrendered to the defendant, who thereafter continued the business until some time later, when he sold and transferred the same to a third party. Three of the horses which were to be taken from the stock by the plaintiff were retained by the appellant, and afterwards sold with the other stock, and this suit was brought to recover possession of said horses or their value. At the time of the sale of the plaintiff's interest in the business and at the time of the trial in the district court the general partnership business was unsettled, and on the latter date there was pending an action in equity for an accounting between them. It is contended that this action could not be maintained while the general partnership affairs were unsettled, because of the rule that no suit at law can be maintained by one partner against another until there has been a settlement or an accounting between them. This is undoubtedly the general rule as to partnership matters, but it is not the rule as to demands arising from transactions unconnected with the partnership, or which

1. RIGHT OF ONE PARTNER TO SUE ANOTHER.

have, by the partners themselves, been isolated from the general ·partnership account. *Vapereau v. Holcombe,* 122 Iowa, 406; 2 Lindley on Partnership, 563, 565.   Hence it is that, if the horses in question became the individual property of the plaintiff by the terms of the agreement of August 17th, as carried out by the subsequent invoice and delivery of the property to the defendant, the plaintiff can certainly maintain this action.   The court so instructed, and we think there was sufficient evidence to support the issue and warrant the instruction.

It is said there was no competent evidence as to the plaintiff's damages for the wrongful detention of the property; but we think otherwise.   It was shown that the horses were ordinary livery stock, and the value of their use as such was sufficiently proven.   The plaintiff was allowed $150 for the detention of the horses, and the appellant contends that he is not entitled to this because he elected to take a money judgment for the value of the property.   But such an election can make no difference with his right to recover damages for the wrongful detention of the horses.   The statute (Code, section 4178) gives this option, and in this particular case the defendant had parted with the property.   The pleadings and the evidence show that the plaintiff treated the conversion as completed at the time of the trial, and he asked for the value of the horses at that time.   He was therefore entitled to recover the value of their use during their detention from him.   In *Powers v. Benson,* 120 Iowa, 428, we held that the injured party may elect to treat the property as converted at the time it is taken from him, or to treat it as converted at the time of the trial, and said: " But it is manifest that, where the injured party elects to treat the property as converted at the time it was taken from him, and to recover its value at that time, he should not be permitted to recover damages for its detention thereafter."   This rule we believe to be sound, and adhere to it.   But if the injured party, by

2. REPLEVIN: damages.

his pleadings and proof, elects to treat the conversion as taking place at the time of the trial, and asks to recover the value of the property at that time, he may also recover damages for its detention if it have a special value for its use. Both rules are just, and calculated to fully protect a party whose property has been unjustly taken and detained, and such is the intent and policy of the law. In one case the true owner treats the property as having passed from his ownership at the time it was taken from him, and in such case he should not, of course, recover for the use of another's property, while in the other case he treats it as his property until the trial of the issue, and asks to recover its value then, and, if his claim be sustained, and the property has been wrongly kept from him, it is but just that he recover the value of its use. This was, in effect, the holding in *Becker v. Staab,* 114 Iowa, 319, for we there quoted with approval from a Michigan case wherein the value of the property at the time the writ was issued was proven, and the holding was that there was a sale of the property at the date of its taking.

We find no error in the record, and the judgment is *affirmed.*