COLEAN IMPLEMENT COMPANY, Appellant, v. R. W. STRONG and CHARLIE STRONG.

**Chattel mortgages:** DESCRIPTION OF PROPERTY. A description in a chattel mortgage as " one bay horse twelve years old named Mike, one bay mare, white strip in forehead, named Mollie, twelve years old," the mortgage also stating from whom purchased, the residence of the mortgagors and that the property was in their possession there to remain until default in payment or an attempted sale, was sufficiently definite to authorize its admission in evidence.

**Identification of property.** Where the description in a mortgage is sufficiently definite to justify its admission in evidence, the property may then be identified by extrinsic evidence.

**Replevin:** RECOVERY FOR USE OF PROPERTY. A defendant in replevin who elects to take a money judgment and proves the value of the property at the time it was taken under the writ, cannot recover for its use from that time.

*Appeal from Monona District Court.* — HON. WILLIAM HUTCHINSON, Judge.

MONDAY, FEBRUARY 13, 1905.

SUIT to recover the possession of personal property.

There were a verdict and a judgment for the defendants. The plaintiff appeals.— *Reversed.*

*C. E. Underhill,* for appellant.

*Prichard & Newby,* for appellees.

SHERWIN, C. J.— The plaintiff's right to the possession of the property in question was based on a chattel mortgage given to it by Henry and Elizabeth Guy, which was duly recorded in Monona county. After the mort-

1. DESCRIPTION OF PROPERTY. gage was recorded, the defendants bought the property of a third person, and took possession thereof. The court held that the description of the property in the mortgage was insufficient to impart constructive notice to the defendants, and excluded the mortgage from the consideration of the jury. The description of the property, so far as material here, was as follows: "Also one bay horse twelve years old, named Mike, one bay mare, white star in forehead named Mollie, twelve years old, the last named animals being the ones purchased by Henry Guy from F. E. Smith of Onawa, Iowa." The mortgage stated that the Guys were residents of West Fork township, in said county, and that they were lawfuly possessed of the horses. It also stipulated that the mortgagors should retain possession of the property until default was made in the payment of the notes secured thereby, or until the mortgagors sold or attempted to sell the property. The foregoing description is fully as specific and certain as many which have heretofore been held sufficient. It describes the horses, and states from whom they were purchased. It gives the residence of the mortgagors as in one of the political subdivisions of the county of Monona, and fairly states that the property was at the time in their possession. Taken as a whole, there can be no question as to the sufficiency of the description, and it was error to hold otherwise. *Preston v. Gaul,* 109 Iowa,

443; *Shellhammer v. Jones,* 87 Iowa, 520; *Brock v. Barr,* 70 Iowa, 399; *Wheeler v. Becker,* 68 Iowa, 723; *Wells v. Wilcox,* 68 Iowa, 708; *Smith v. McLean,* 24 Iowa, 322.

The appellees cite many cases which hold that the descriptions therein considered were not sufficient, but an examination of the cases will show that none of the mortgages under consideration were as specific as this one. The mortgage should have been received in evidence, and it would then have been competent to identify the property by extrinsic testimony. *Smith v. McLean, supra; Rowley v. Bartholemew,* 37 Iowa, 374.

*2. IDENTIFICATION OF PROPERTY.*

The court permitted the defendants to show the value of the use of the horses after they were taken on the writ of replevin, and it is contended that, because they elected to take a money judgment for the value thereof, they were not entitled to recover for their use. The value of the horses at the time they were taken on the writ was proven, and it is apparent therefrom that the appellees elected to treat the conversion as taking place at that time, in which event they were not entitled to recover for the use. *Powers v. Benson,* 120 Iowa, 428; *Newberry v. Gibson,* 125 Iowa, 575.

*8. REPLEVIN: recovery for use of property.*

For the errors indicated, the judgment is *reversed.*