E. M. SHEFFIELD, Appellee, v. GEORGE W. HANNA, Appellant.

**Appeal:** ABSTRACT: COSTS. Where by appellant's oversight an amended abstract is filed by the appellee to make clear an apparent obscurity in the issues presented by the pleadings, it should be allowed to stand though not filed in time, and upon affirmance of the case the cost of same should not be taxed to appellee.

**Replevin:** STATEMENT OF ISSUES. In replevin of cattle where the number in controversy was clearly settled by an amendment

to the petition and admissions in the answer to be a less number than claimed in the original petition, and this state of facts was made clear to the jury in the court's instructions, failure of the court in its instructions to state the exact number in controversy involved no prejudicial error.

**Same:** MISLEADING INSTRUCTIONS. Where the court in an instruction undertook to copy a description of cattle as contained in plaintiff's chattel mortgage, but omitted certain words, indicating the omission by three crosses or stars, the same is held not misleading as indicating marks or brands upon the cattle of which there was no evidence.

**Replevin:** BASIS OF RECOVERY: INSTRUCTION. In replevin of cattle based on a right of recovery under a chattel mortgage as against an adverse chattel mortgage claim, an instruction which in effect advises the jury that plaintiff must recover on the strength of his own mortgage and cannot rely upon any weakness in the title or mortgage of defendant, is correct.

**Same:** IDENTIFICATION OF PROPERTY: EVIDENCE. Strict identification of cattle in a replevin action as described in the mortgage relied upon is not essential to recovery, but plaintiff may show by any other competent evidence that the animals sought to be replevined are in fact the same as those covered by the mortgage.

**Replevin:** RECOVERY: ELECTION: JUDGMENT: INTEREST. Where the plaintiff in replevin is found entitled to recovery he may elect to have a return of the specific property or a judgment for its value, and in case he takes a judgment he is entitled to interest at the statutory rate as a matter of law.

*Appeal from Kossuth District Court.*— HON. A. D. BAILIE, Judge.

SATURDAY, DECEMBER 14, 1907.

REPLEVIN to recover possession of certain steers. Verdict and judgment for plaintiff, and defendant appeals. — *Affirmed.*

*W. B. Quarton,* for appellant.

*Peterson & Knapp* and *Harrington & Dickinson,* for appellee.

WEAVER, C. J.— On or about August 27, 1903, the appellee sold to one Olson a herd of steers, and as a part of the same transaction the latter executed to the appellee a mortgage on the same property to secure a deferred payment of the purchase price. At the date of the mortgage the steers were owned and kept in Wright county, Iowa, and the instrument was duly recorded in that county. After the mortgage was given and recorded, Olson removed the steers or some of them to Humboldt county. On October 15, 1902, prior to the purchase of the steers from appellee, said Olson being the owner of thirty-six other steers, executed a mortgage thereon to secure the payment of an indebtedness to the appellant. In January, 1904, the appellant undertook to foreclose his mortgage, and took possession of certain steers which he claimed were included therein. Thereupon appellee, claiming that appellant had taken thirty head of steers included in appellee's mortgage, brought this action in replevin to recover their possession. After the issuance of the writ appellant appears to have conceded that fourteen of the steers in controversy were not covered by his mortgage, and surrendered them to the appellee. Some months after the action was begun, appellee filed an amended and substituted petition concerning the allegations of which there is some confusion in the record, to which we shall again refer. On trial to a jury there was a verdict awarding the right of possession to the appellee. As a ground for a reversal of the judgment entered on this verdict, various errors are assigned.

I.     Before proceeding with these alleged errors it is proper that we dispose of a motion which has been filed in this court to strike the appellee's second amendment to the abstract. The appellant's abstract purports to show that the original petition demanded a recovery of thirty steers, but that the amended and substituted petition claimed to recover but sixteen. It also purports to show that in the final paragraph of its charge

1. APPEAL: abstract: costs.

the trial court told the jury that if they found for the plaintiff they should return a verdict in his favor for the recovery of sixteen steers at an assessed value of $46.20 each. In appellee's second amendment to this abstract the correctness of the statements here referred to is challenged, and it is alleged that the amended and substituted petition in fact stated the number of steers in controversy to be thirty and that the paragraph in the court's charge to which reference is above made did not, when given to the jury, state the number of steers to which the plaintiff would be entitled in case of a recovery by him, nor state the value thereof, but stated the same in blank. This amendment the appellant moves to strike because filed out of time; or, in the event that the amendment is allowed to stand, the costs be taxed to the appellee. The motion must be denied. For reasons noted in the next paragraph of this opinion, the change which the amendment makes in the allegations of the amended and substituted petition are not such as necessitate or call for any further argument, but it serves to make clear an apparent obscurity in the issues presented by the pleadings, and should be allowed to stand. The amendment correcting a misstatement of the court's charge was also quite necessary to a proper and just disposition of the case now before us, and, having been made before the appeal was submitted, it should not be stricken.

In view of the issue made by this motion and by the appellant's denial, there has been certified to this court the original instructions given to the jury and a showing by the district court that the final paragraph in its charge as given contained no statement of the number of steers or of the value thereof which the plaintiff would be entitled to recover in the event of a verdict in his favor, but that in place of said number and of said value were unfilled blanks, and that the jury in preparing and returning their verdict evidently supposed it to be their duty to fill these blanks to correspond with their verdict proper, which was written

upon a separate sheet, and the foreman or some member of the jury wrote the word "Sixteen" and the figures "46.20" where they now appear in said paragraph. An inspection of the original charge, verdict, and special findings makes it very clear that this explanation is correct, and it would be contrary to the plainest principles of justice to allow such harmless blunder to invalidate the verdict. Nor do we see any good reason for penalizing the appellee with costs. Appellant could hardly have been mistaken as to the truth concerning the charge as given to the jury, and if by his oversight the original abstract was made to indicate an error on part of the trial court which was not in fact committed he should not be allowed costs because of its correction, even though not made as promptly as it might have been.

II. A large part of the argument for the appellant is devoted to alleged errors which have their basis in the matters disposed of or referred to in the preceding paragraph. For instance, it is said that the court failed to properly state the issues to the jury, in that it was there stated that the plaintiff was seeking to recover the possession of thirty head of steers when in fact, according to his amended and substituted petition, he was claiming but sixteen head. The amended abstract makes it quite clear that this criticism is a result of a misapprehension of the condition of the pleadings, for we think it fairly shown that the petition as amended and substituted, which now seems to be lost, did set up a claim substantially as stated by the court in its charge. But even if it be conceded for the purposes of this appeal that the amended and substituted petition made a claim for but sixteen head, there was no prejudicial error in the statement made by the trial court. It was conceded, and the trial court proceeded upon the theory, that of the thirty steers for the replevin of which the action was begun, fourteen head had been released or surrendered to

2. REPLEVIN: statement of issues.

the plaintiff, thus leaving but sixteen head in controversy. Appellant, answering to the amended and substituted petition, makes it entirely clear that it is pleading to a claim which involved originally at least thirty steers; for it says: " The defendant for answer herein states that he admits the plaintiff is the qualified owner of fourteen head of the steers mentioned in his amended and substituted petition, and states that the same were taken by plaintiff at the time of the commencement of this action with the consent of defendant. . . . The defendant denies that the other sixteen head of steers included and referred to in plaintiff's petition belonged to the plaintiff or that plaintiff had any interest in the same." Whether, therefore, the amended and substituted petition described the steers in controversy as being thirty or sixteen in number, the answer thereto makes it clear beyond question that while at the outset of the litigation the ownership and right of possession of the larger number mentioned were in controversy, yet when the issues were finally completed and the case brought to trial, that controversy had been narrowed down to the smaller number. This state of facts was made entirely clear to the jury by the charge of the court, and there was no error in that respect. What we have said in ruling on the motion concerning the form of the last paragraph of the court's charge to the jury makes it unnecessary for us to take time in discussing the error assigned thereon.

III. The appellee's mortgage describes the property on which it is given in the following words: " Forty-three (43) head of three-year-old steers of various weights and colors, averaging about 1,102 pounds each in weight, most of them being marked with the end of the left ear cut off, *the above being the same I* purchased of E. M. Sheffield." The court in the eleventh paragraph of its instructions to the jury undertook to quote this description, but abbreviated the same by leaving out the words which we have italicized, and

3. SAME:
   misleading
   instructions.

indicated such omission by inserting in the place thereof three cross marks. or stars. It is claimed that the instruction in this form was misleading, because the jury might well have read it literally and understood therefrom that these marks or characters indicated marks or brands upon the cattle when in .fact there was no evidence that any of them were thus marked or branded. A mere reading of the proposition is in our judgment its own sufficient answer. It is hardly conceivable that men intelligent enough to be competent to serve as jurors and · accepted as such by counsel on both sides could be in any manner deceived or led astray in the manner suggested. Moreover, if error at all, it was error to the prejudice of the plaintiff, because if a juror should understand the instruction to have reference to marks or brands upon the cattle he would naturally conclude that as plaintiff had failed to show that any of the cattle in controversy were thus marked he had failed to establish his right·to a recovery.

IV. Among other things, the court said to the jury: " It appears without dispute that the defendant prior to the commencement of this suit held a mortgage given by M. C. Olson on certain cattle, and it is his contention that said sixteen head of steers are covered by his said mortgage, and not by the mortgage of the plaintiff. But as already stated, whether they are or not is immaterial, unless you find as a fact that said sixteen head or some portion thereof are described in and covered by plaintiff's mortgage." Counsel for the appellant construes this as a statement to the jury that it was immaterial whether the cattle or any of them were covered by the appellant's mortgage. Such is not the fair or natural construction of the language of . the court. Stated in brief words, the language complained of means simply that for the purpose of the case on trial it was entirely immaterial whether the cattle in controversy were or were not covered by the appellant's

4. REPLEVIN: basis of recovery: instruction.

mortgage, unless the jury should further find that said steers or some of them were described in the plaintiff's mortgage. The instruction was clearly intended to be, and was in fact, a statement in favor of the defendant, the effect of which was to warn the jury that plaintiff must recover, if at all, on the strength of his own title and by virtue of his own mortgage; and not upon any weakness or defect in the title or mortgage held by the defendant. There was certainly no error here of which the appellant can complain.

Other language contained in some of the instructions is criticised by counsel, but, as in the instances already referred to, these are based upon an apparent misconception of the language employed by the court, and we think it unnecessary to go into a more detailed discussion of the points thus presented. We have examined each of them, and find no basis for the assignment of error thereon.

V. The defendant requested several instructions to the jury, some of which were refused and the remainder modified and given. Error is alleged in the refusal to

5. SAME: identification of property: evidence.

give paragraphs 3 and 4. No. 3 was to the effect that if the jury should find that the steers in controversy were not of the age mentioned in plaintiff's mortgage, and did not have the earmark mentioned in said mortgage, that he would in no event be entitled to recover such animals. The fourth paragraph was to the effect that in order to recover plaintiff must show by a preponderance of evidence that the steers in controversy were included in his mortgage, and that they were of the age and were marked as described therein, and that, as to any of the steers in controversy the identity of which was not thus proven, the verdict should be for the defendant. The district court correctly refused to so instruct the jury. The effect of these instructions, if given, would have been to have denied plaintiff a recovery, although it was clearly shown that the steers in controversy

were the identical animals sold by him to Olson, and included in the mortgage given by the latter, if it should appear that a mistake had been made in stating their ages or earmarks. This in our judgment cannot be the law. Such mistakes might be of much importance and sufficient to turn the scale against the plaintiff if this case involved conflicting liens upon the same property, but no such controversy is presented. The defendant took his mortgage in 1902 upon a lot of cattle then owned by Olson. Plaintiff took his mortgage at a later date upon another and distinct lot of cattle sold to said Olson, and the single question in litigation is one of identity; and the fact, if it be a fact, that some of the cattle in plaintiff's mortgage are described as being two year old or three year old when in truth they were somewhat older or younger, would not defeat his right to recover if he was able otherwise to establish their identity to the satisfaction of the jury. The same may be said with respect to alleged earmarks by which some of the cattle were supposed to be distinguished.

VI. Plaintiff in his petition asked judgment for the possession of the property in controversy, or for the value thereof if the same could not be found, and for $250 damages. The court, in submitting the case to the jury, as we have already seen, directed the jury, if the verdict was in plaintiff's favor, to find the number of steers which he was entitled to recover and the value of each. The verdict found plaintiff entitled to recover sixteen steers of the value of $46.20 each. It appeared upon the trial that the steers had been sold or otherwise disposed of by the defendant, with the necessary result that if the plaintiff recovered a judgment it would have to be entered as a judgment for recovery of money, and not for the return of the specific property. The evidence upon that subject had reference to the market value of the property at or about the time of the commencement of the suit and the sale of the steers

6. REPLEVIN: recovery: election: judgment: interest.

by the defendant. Nothing was expressly said in the plead-
ing as to any claim of interest upon the damages demanded
by the plaintiff, and the subject of the allowance of interest
does not appear to have been mentioned to the jury in the
court's charge. Neither the general verdict nor the special
findings by the jury make any specific mention of interest.
The district court, having overruled appellant's motion for
a new trial, entered judgment that plaintiff have and re-
cover from the defendant the value of sixteen head of steers
at $46.20 each, with interest at 6 per cent. per annum from
the 30th day of January, 1904, amounting to the aggregate
sum of $819.73 and costs. The defendant excepted to the
entering of judgment, and especially excepted to the al-
lowance of interest. In an. action of replevin, if the plain-
tiff recovers a verdict and he is not already in possession
of the property sued for, he may elect whether to take
judgment for the return of the specific property or for its
value. Code, section 4178. If he elects to take a money
judgment, the value of the property is to be estimated as
of the date when its possession was wrongfully taken from
him by the defendant, or at least from the date when the
suit to recover was commenced. *Colean Implement Co.
v. Strong,* 126 Iowa, 598; *Powers v. Benson,* 120 Iowa, 428;
*Newberry v. Gibson,* 125 Iowa, 575.

The option thus given to the plaintiff need not be
exercised until the court is ready to enter judgment upon
the verdict. It would seem to follow that if a party is en-
titled then to exercise an option and take judgment of the
value of the property as of the date when it was taken, he
should also be allowed, if he demands it, interest from that
time to the date of the judgment entry. Such we under-
stand to be the rule announced in *Becker v. Staab,* 114
Iowa, 319. It is true that in the cited case the verdict
was in favor of the defendant in the replevin action, and
he was permitted to exercise his option whether to accept a
return of the property or take a money judgment for its

value. He chose the latter, and it was held he was entitled to interest as from the date when the property was taken from him under the writ. We are unable to see, however, any principle upon which interest will be allowed to a successful defendant and not to a successful plaintiff, or why in either case it should be necessary that a specific demand for interest · should be· made in the pleadings in order to justify its allowance. The assessment of the value of the property by the jury is not an assessment of damages against the defendant, but is rather in the nature of a special finding affording a basis upon which the court may compute the amount of such recovery in case the plaintiff shall elect to take a money judgment. Such election, as we have seen, entitles the party making it to ask for the assessment of the value of. the property, at least from the date of the issuance of the writ. From that date he has been deprived of money which was justly due him, and the right to interest thereon at the rate prescribed by the statute becomes fixed as a matter of law. The district court did not err in allowing the plaintiff interest upon this basis. The case has been twice tried with like result in each instance. Each step in the history of the litigation has been contested with great vigor and pertinacity, and all of the salient points have been ably and extensively argued upon this appeal. Whether the verdict has the support of the superior weight of evidence is not for us to consider. We have only to inquire whether there is any evidence upon which the verdict of the jury may be fairly sustained, and, if so, it is not within our province to disturb it, even though we as jurors might have reached a different conclusion. The issue seems to have been fairly tried, and we find no error calling for a reversal.

The judgment of the district court is therefore *affirmed.*