S. B. RICHARDS, Appellee, v. W. H. HELLEN & SON, W. H. HELLEN and B. H. HELLEN, Appellants.

**Replevin:** COUNTERCLAIM. A counterclaim can not be pleaded to an action of replevin, and when so pleaded should be stricken on motion. Moreover the counterclaim pleaded in this case was based on a failure of consideration predicated on a claim for

nondelivery of property not described in any contract under which the property replevined was shown to have been sold, and was therefore insufficient and was properly stricken.

**Contract:** CONSIDERATION. A contract made as a substitute for prior agreements which are abandoned and rescinded is supported by a good consideration. That one member of a partnership was a minor at the time of making a partnership agreement is no defense to an action based upon the contract; especially where no personal liability is sought and there is no showing of disaffirmance.

**Replevin:** ALLEGATIONS OF TITLE: VARIANCE. An allegation by the plaintiff in an action of replevin that he is the absolute and unqualified owner of the property will not preclude his recovery under proof of a conditional and qualified ownership, where he has also pleaded the exact nature of his title, which is in conformity with the proof.

**Partnership:** IDENTITY OF PARTNERS: WHEN IMMATERIAL. Where no personal judgment is sought against any individual partner the question of whether a certain person is a member of the firm is immaterial; and a failure to identify him as a partner will not preclude recovery against the partnership.

**Same:** DENIAL OF PARTNERSHIP. In replevin based on a partnership contract defendants can not deny the fact of partnership; and where the petition charging a partnership is not denied, as required by statute, the plaintiff is not called upon to prove that any particular person is a member of the partnership.

**Replevin:** NATURE OF ACTION. The action of replevin involves the right simply to possession of the property at the time the action is brought; and this right is not dependent solely upon ownership, as the action may be maintained even against the true owner.

**Same:** CONDITION PRECEDENT. Where a contract for the sale of property provided for a retention of the title in the seller until payment of the price, with a right to possession on default, and contained no provision for a return of that part of the price already paid as a condition precedent to the right to retake possession on default, the seller has such a present right of possession as will entitle him to bring an action of replevin without tendering back that part of the price paid.

**Same:** LIABILITY OF DELIVERY BOND: VALUE OF PROPERTY. Where the plaintiff in replevin, on an entry of judgment in his favor, elects to have a return of the property and secures execution for that purpose which is returned unsatisfied because of a destruction

of the property, he is then entitled to judgment against the sureties on defendant's delivery bond, providing for its return, for the value of the property at the time of the commencement of the action.

**Same:** JUDGMENT: VALUE OF PLAINTIFF'S INTEREST IN THE PROPERTY. 9 Although the court in rendering judgment on the bond in this case failed to find the value of plaintiff's interest in the property, still defendants, having conceded that it was to be as much as the recovery, can not complain of the judgment rendered.

*Appeal from Hamilton District Court.*—HON. CHAS. E. ALBROOK, Judge.

SATURDAY, NOVEMBER 18, 1911.

ACTION for replevin. Verdict for plaintiff and judgment on a delivery bond given by the defendants. Defendants appeal. *Affirmed.*

*Wm. Whisler, G. D. Thompson* and *D. C. Chase,* for appellants.

*Boeye & Henderson,* for appellee.

DEEMER, J.—Plaintiff commenced an action of replevin against the defendants, who it is alleged were a partnership, to recover the possession of a job and newspaper printing plant, basing his claim thereto upon a contract between the parties, the material parts of which are as follows:

This article of agreement, made and entered into this 17th day of March, A. D. 1908, by and between S. B. Richards, of Hamilton county, Iowa, party of the first part, and W. H. Hellen & Son, of Hamilton county, Iowa, parties of the second part. Whereas, the party of the first part has this day sold to the parties of the second part the following described property, to wit: (Here follows a description of the property), for the sum of seven hundred fifty dollars, payable as follows, to wit: Fifty dollars on the 15th day of April, 1908, two hundred fifty dollars on

the 15th day of September, 1908, and four hundred fifty dollars on or before March 17, 1909, with interest at the rate of 6 percent per annum, as evidenced by four promissory notes of even date herewith: It is agreed between S. B. Richards and W. H. Hellen & Son that the title to the above described property is in S. B. Richards and that it shall remain the property of S. B. Richards until the above-described notes shall have been fully paid, and that in default of any of the payments of said notes as they become due, said property may be taken possession of by the said S. B. Richards, or any of his agents or assigns without process.     S. B. Richards.     W. H. Hellen & Son.

This contract was duly acknowledged and recorded. It is alleged in the petition that under this contract plaintiff remained and was the sole and absolute owner of the property.     He also alleged that the $450 payment under the contract became due March 17, 1909; that no part of the same had been paid; that notes representing this amount were yet in plaintiff's hands; and that he was the owner thereof.     He also pleaded that he had demanded payment from the defendants, which was refused, and that he had also demanded the return of the property, which was likewise refused.     Claim of $50 in damages was also made. A writ of replevin issued on June 25, 1909, the day the petition was filed, and the writ was delivered to an officer for service who returned that defendants had executed to him a sufficient delivery bond and for that reason he did not take the property under the writ.     This delivery bond was signed by defendant Hellen & Son as principals and by William Whisler and A. O. Carr as sureties.     In due course defendants filed an answer to the petition, in which they pleaded an absolute purchase of the property, under another and prior contract, and possession of the property under that contract.     They also pleaded false representations made by plaintiff inducing the sale and failure to deliver some of the property purchased.     Damages to the amount of $450 were alleged as satisfaction of any amount

due and owing the plaintiff under any contract. They also pleaded that defendant B. H. Hellen was a minor when the contract referred to in plaintiff's petition was executed, and that he had knowledge thereof. It is further alleged that this contract was wholly without consideration. As a part of the answer defendants set out a memorandum agreement for the sale of the printing plant for the sum of $750 and averred this was the real contract between the parties. On plaintiff's motion that part of the answer pleading damages for false representations and for failure to deliver certain goods was stricken, and motion was also made to strike out all that part of the answer pleading the minority of B. H. Hellen and the allegation that the contract relied upon by plaintiff was without consideration. It does not appear what ruling, if any, was made on this latter motion.

Complaint is made of the ruling striking out the claim

1. REPLEVIN: counterclaim. for damages. In it we find no error. The statute says that a counterclaim cannot be pleaded to an action of replevin. Code, section 4164.

Again, the part of the answer stricken, in so far as it was based upon failure of consideration, is largely predicated upon an oral agreement not embodied in the writing, and a claim for nondelivery of property which is not described in any of the contracts. The mere suggestion of this latter point is enough to justify the ruling of the trial court. Upon the remaining issues the case was tried to the court, a jury being waived, resulting in a finding that plaintiff was entitled to the possession of the property at the time of the issuance of the writ of replevin, and that its value at the time the action was commenced was $450. Plaintiff then elected to take execution for the specific property described in the petition. Special execution issued at once, which was returned with a statement from the officer that the property described therein had been destroyed by fire and could not be levied upon, and that for this

reason he returned the execution unsatisfied. Thereupon plaintiff moved for judgment on the delivery bond for the sum of $450, against the principal and sureties. This motion was sustained, and plaintiff had judgment against the sureties for the sum of $450 with 6 percent interest from the date of the entry of this judgment. No exception to this judgment seems to have been taken by the sureties, and there seems to be no exception to this last judgment as it appears of record by the defendant. There is little, if any, dispute in the facts, and the questions presented are largely of law.

The printing outfit was sold by plaintiff to defendant in the spring of 1908, for the agreed sum of $750; the purchase price to be paid in cash. Under this agreement the property was delivered to defendants and demand was made for the payment of the consideration. Defendants did not pay to exceed $50 in cash, and this was all they could pay at that time. In view of this situation, plaintiff agreed to accept the $50 in cash and eight notes maturing at different times amounting in the aggregate to $700. Thereupon the contract or memorandum agreement referred to in defendants' answer was entered into between the parties. Defendants did not pay the eight notes as agreed, and it was finally agreed to cancel and rescind all prior contracts and to substitute a new one and also to give new notes for the $700 of the purchase price. This was followed by the making of the contract referred to in plaintiff's petition, and which is the basis of this action. The $250 note referred to in that contract was paid; but nothing more, save the original cash payment of $50, has been received by plaintiff. Plaintiff made proper demand for the payment of the notes maturing March 17, 1909, and also of the property covered by the contract.

It is apparent that the contract on which plaintiff relies is based upon a good consideration; that is to say, it was executed as a substitute for prior ones, and the

prior agreements were abandoned and rescinded. That this

**2. CONTRACT: consideration.** is a sufficient consideration is hornbook law. See Page on Contracts, vol. 3, section 1344; Bishop on Contracts, sections 813-816.

In this connection it is said that the last contract is invalid because one of the partners, to wit, B. H. Hellen, was a minor at the time the contract was made. That such fact is not a defense for the partnership in such an action as this is also so well settled that it is hardly necessary to cite authorities. Shumaker on Partnership, page 88, and cases cited. No personal liability was sought against the minor in this action, and there is no showing that he ever elected to disaffirm. So much as to the minor points in the case.

Appellants' chief contentions are that plaintiff is not entitled to the property or to a judgment for the value thereof without returning to the defendants the amount he received from the defendants thereon. This contention is based upon two propositions. One is that plaintiff has elected to rescind the contract and is bound to return what he received thereunder, and the other is that the contract is one of conditional sale or made as security for a debt, and that plaintiff cannot keep the money he has received under the contract and also take the property back, or have judgment for its value. There is no merit in the first proposition because it has no support in the facts. Neither the pleadings nor the evidence adduced by plaintiff shows a rescission of the contract; but, on the contrary, reliance is based upon the contract as written, and plaintiff's action is bottomed upon the rights given him by the contract itself. No rescission was shown.

Closely allied to this first proposition is another contention, that, as plaintiff alleged he was the absolute and unqualified owner of the property, he is not entitled to recover because the testimony shows his ownership was conditional and qualified and that in no event is he entitled

to judgment for more than will make him whole. True
there is an allegation of sole and absolute
3. REPLEVIN: al-
legations of     ownership; but this statement as made is a
title: variance.
conclusion because it is asserted that it was in
virtue of the contract set out *in extenso*. The exact nature
of plaintiff's title was pleaded, and this is all that defend-
ants were entitled to.

Again, it is insisted that there is no proof that B. H.
Hellen was a member of the firm of W. H.
4. PARTNERSHIP:
identity of     Hellen & Son. This contention is also with-
partners:
when imma-     out merit for the reason that, in so far as
terial.
this action is concerned, it makes no differ-
ence whether he was a partner or not. No personal judg-
ment was asked or rendered against him.

Moreover, the action is against some partnership which
entered into a contract with plaintiff under the name of
5. SAME: denial     W. H. Hellen & Son, and it does not lie in
of partnership.    the mouth of these defendants to say there
was in fact no such partnership. If personal liability of B.
H. Hellen were insisted upon, there might be some reason
for arguing as to whether or not he was a partner, but that
is not insisted upon here.

Again, the petition charges a partnership, and there is
no such denial of that allegation as the statute requires.
See Code, sections 3627, 3628.

Coming now to the second or the main proposition
relied upon, we find some conflict in the authorities, although
the conflict may be more apparent than real. The question
6. REPLEVIN: na-     in a replevin action is the right to the pos-
ture of action.    session of the property at the time the action
is brought. See *Campbell v. Williams,* 39 Iowa, 646;
*Waterhouse v. Black,* 87 Iowa, 317; and other of the many
cases cited in annotations to Code, section 4163. The gist
of the action is the wrongful detention of the property.
*Draper v. Ellis,* 12 Iowa, 316. Ownership is not essential
to enable one to recover possession. One having the right

to present possession may maintain an action even against the true owner. *McCoy v. Cadle,* 4 Iowa, 557; *Goldsmith v. Willson,* 67 Iowa, 662; *Harvey v. Pinkerton,* 101 Iowa, 246. In *Beroud v. Lyons,* 85 Iowa, 482, it is said: "It is contended that these issues involved the right of the defendant to foreclose the mortgage, and the amount due thereon, and hence that this action was a transfer of the proceeding to foreclose to the district court, as provided in section 3317 of the Code, and was therefore cognizable in equity. We do not think the bringing of this action had the effect of transferring the proceeding of foreclosure to the district court. It is plain that under said sections 3225 and 3226 the controlling question to be determined is the plaintiff's right to possession, and that the defendant is entitled to no relief in such an action except judgment for the return of the property and the value of his right therein where it has been wrongfully taken from him by the writ."

Under the facts disclosed by this record, the trial court was justified in finding that plaintiff was entitled to the present possession of the property under his contract with the defendants, and, as the final judgment was for no greater amount than the sum due the plaintiff, there was no error, unless it be found that in this suit defendants were entitled to a return of the money paid.

7. Same: condition prece- dent.

We do not think that question necessarily arises in a replevin action and may go so far as to say that, unless return of the money paid was a condition precedent to plaintiff's right to possession of the property, the matter of the right to a return of the money paid cannot be investigated in this action. As already suggested, the plaintiff did not rescind the contract, but is relying upon it and has elected to retake the goods. This he had an undoubted right to do, and he. was not required, as a condition precedent, to return any part of the purchase price already received. Having recieved the goods, his duties with respect thereto

may be a subject of controversy; but we have not reached that stage in this proceeding.  See *Fleck v. Warner,* 25 Kan. 492; *Tufts v. D'Arcambal,* 85 Mich. 185, (48 N. W. 497, 12 L. R. A. 446, 24 Am. St. Rep. 79); *Latham v. Sumner,* 89 Ill. 233, (31 Am. Rep. 79); *White v. Oaks,* 88 Me. 367, (34 Atl. 175, 32 L. R. A. 592); *Ryan v. Wayson,* 108 Mich. 519, (66 N. W. 370.)

Statutes in some states require a tender of the money paid.  See Mechem on Sales, section 629.  But we have no such statute.  So that we have no occasion to determine whether the defendant would have any remedy in equity after plaintiff obtained possession of the property or judgment for its value.  See, as supporting these conclusions, *In re Wise,* 121 Iowa, 359; *National Cash Reg. Co. v. Zangs,* 127 Iowa, 710; *National Cash Reg. Co. v. Schwab,* 111 Iowa, 605; *Flaherty v. Ginsberg,* 135 Iowa, 743; *National Cash Reg. Co. v. Maloney,* 95 Iowa, 573.

None of the many cases cited and relied upon by appellant are in point.  They have reference to the right of the seller to recover the purchase price after retaking the property, a proposition which is not here involved.  *Soda Fountain Co. v. Dean Drug Co.,* 136 Iowa, 312, is manifestly not in point.  On the contrary, it supports the conclusions on this branch of the case.

Lastly, it is argued that plaintiff was not entitled to a money judgment against the sureties on the delivery bond, and that, even if this be not true, he was not entitled to

8. SAME: liability of delivery bond: value of property.

judgment for the value of the property at the time of the bringing of the action.  His contention here is that the judgment should have been for the value of the property at the time of the rendition of the judgment.  Still pursuing this thought, he says that there is no testimony as to the value of the property at the time the money judgment was rendered.  Turning again to the statement of facts, it will be observed that plaintiff did not elect to take a money judgment for the

value of the property, as plaintiffs did in *Gerlaugh v. Ryan,*
127 Iowa, 226, and other like cases. He secured execu-
tion for the return of the specific property, and, as he was
unable to secure it, he then filed a motion for judgment
against the sureties on the bond. The trial court found
the value of the property at the time the action was com-
menced, and also found that plaintiff was entitled to the
possession of the property at that time. The primary
judgment against the defendants was for the return of the
property, and special execution was ordered, and, when it
was discovered that the property could not be found, judg-
ment was asked on the delivery bond for the value of the
property. Judgment was rendered on this motion against
the sureties on the bond for the sum of $450 with interest
from the date of judgment and not from the time the action
was commenced. No exception was taken to this ruling by
the sureties, and it is doubtful if the defendants took an
exception. But, however this may be, we do not think
there was any error of which defendants may complain.
The value of the property was fixed as of the time when
the action was commenced, and no interest was allowed
thereon. In *Sheffield v. Hanna,* 136 Iowa, 588, it is said
that plaintiff in replevin is entitled to judgment for the
value of the property at the time when it was wrongfully
taken, or at least from the date when the suit to recover was
commenced. See, also, *Colean Co. v. Strong,* 126 Iowa,
598; *Powers v. Benson,* 120 Iowa, 428; *Newberry v. Gib-
son,* 125 Iowa, 575. We see no reason why a different rule
should prevail where judgment is rendered on a delivery
bond. The condition of a delivery bond is to return or
deliver the property to the plaintiff, if he recovers judg-
ment therefor, in as good condition as it was when the action
was commenced. Code, section 4172. This, to our minds,
authorizes the court to find the value of the property at the
time of the commencement of the action. The destruction
of the property by fire did not release the sureties. *Hink-*

*son v. Morrison,* 47 Iowa, 167; *Lillie v. McMillan,* 52 Iowa, 463.

The following sections of the Code are material upon this proposition:

The judgment shall determine which party is entitled to the possession of the property, and shall designate his right therein, and if such party have not the possession thereof, shall also determine the value of the right of such party, which right shall be absolute as to an adverse party, and shall also award such damages to either party as he may be entitled to for the illegal detention thereof. If the judgment be against the plaintiff for the money value of the property, it shall also be against the sureties on his bond. Code, section 4176.

If the party found to be entitled to the property be not already in possession thereof by delivery under the provisions of this chapter or otherwise, he may at his option have an execution for the delivery of the specific property, or for the value thereof as determined by the jury, and if any article of the property cannot be obtained on execution, he may take the remainder, with the value of the missing articles. Code, section 4178.

When property is not forthcoming to answer the judgment, and for which a bond has been given as hereinbefore provided, and the party entitled thereto so elects, a judgment may be entered against the principal and sureties in the bond for its value. Code, section 4179.

Under these sections no complaint can be made of the judgment entered in this case. The value of the property at the time of the trial was *nil,* for it had been destroyed, and, as the condition of the bond was to deliver in as good condition as when the action was commenced, the plaintiff was not required to offer other proof than of its value at the time when the action was commenced. No case holds the contrary, and, if it did, we should hesitate to approve it. Plaintiff followed the proceedings outlined by the statutes quoted and was entitled to the judgment he received.

One other thought in this connection. While the trial

court did not find the value of plaintiff's interest in the property, it is conceded that this was at least $450, which was the value of the property. Plaintiff's final recovery was for no more than the value of his interest in any event, and defendants are in no position to complain. *Frazier v. Hill,* 123 Iowa, 116. Our conclusions find support in *Gerlaugh v. Ryan,* 127 Iowa, 226. *Bonnot v. Newman,* 109 Iowa, 580, is not in point, for in that case plaintiff elected to take a money judgment, and there was no question as to the extent of the liability of the sureties on a delivery bond.

9. SAME: judgment: value of plaintiff's interest in the property.

We find no error in the record, and the judgment must be, and it is, *affirmed.*