CABLE COMPANY, Appellee, v. CHARLES H. MILLER, Appellant.

**APPEAL AND ERROR:** Proceeding on Remand—Replevin—Value of Property—Procedure. Where plaintiff, by writ of replevin, secured possession of and judgment for certain property and, on appeal, the judgment was reversed, the holding being that defendant was the owner and entitled to the possession of the property, and the cause was remanded for judgment accordingly, whereupon the defendant elected to take a money judgment, *held* quite immaterial whether the court sustained defendant's motion for money judgment, on the receipt of evidence of value, or overruled such motion and set the cause for retrial on the question of value only.

*Appeal from Cedar Rapids Superior Court.*—C. B. ROBBINS, Judge.

WEDNESDAY, JANUARY 12, 1916.

THE defendant purchased a piano from one Schlussman. Later, plaintiff, claiming to be the owner of the piano, brought an action against defendant for the recovery of its possession, and, upon trial to the court without a jury, there was a judgment in plaintiff's favor. The instrument, which had been taken under the writ and turned over to plaintiff, was left in its possession, and there was no judgment or assessment fixing its value. Defendant appealed to this court, where it was adjudged that the evidence was without material conflict, and showed the defendant to be the owner of the piano and entitled to its possession. See *Cable Co. v. Miller,* 162 Iowa 351. The opinion there filed closes with the following words: "The record in this court does not show whether defendant gave a delivery bond or who now has the piano. The judgment is reversed and remanded for judgment in harmony with this opinion."

The cause having been remanded to the trial court, defendant appeared therein, and declared his election under the statute to take a judgment against the plaintiff for the

value of the piano, and not for a return of the property in kind, and asked for the entry of judgment in his favor for $750. To this demand the plaintiff objected, alleging that the question of the value of the piano was not in issue upon the former trial and was not passed upon on the former appeal, and that there was as yet nothing before the court upon which to find such value, and plaintiff further moved that the cause "be set down for trial on the issues". No evidence was offered by either party, except a reference to the abstract or transcript of evidence heard on the original trial. The court thereupon entered an order as follows: "Defendant's motion for money judgment overruled. Plaintiff's motion for new trial sustained only as to a hearing to determine the value of the piano in controversy, and overruled as to trial of other issues." The defendant now appeals from so much of the ruling as denies his motion for judgment and permits further hearing or trial on the question of the value of the piano. The plaintiff also appeals.—*Affirmed.*

*Dawley, Jordan & Dawley,* for appellant.

*M. D. Porter,* for appellee.

WEAVER, J.—The former appeal settled conclusively the defendant's title to the property and right of possession. That being determined, the kind of judgment to be entered depended, in the first place, upon whether possession had been obtained by plaintiff under the writ, and, in the next place, upon whether defendant should elect to take judgment for possession of the property in kind or for a money recovery for its value. The record then before us not disclosing all the conditions, the case was remanded, with instructions to the trial court to enter the proper judgment. This was the trial court's sufficient authority to entertain defendant's motion for money judgment; and, if the record already made was not, in its opinion, sufficient to

APPEAL AND ERROR: proceeding on remand: replevin: value of property: procedure.

enable it to pass upon and determine the question of fact, we can discover no reason for ·denying it the power to call for the production of evidence thereon. It would have been, perhaps, more regular if, instead of overruling the motion for money judgment, the court had either withheld its ruling or sustained the motion, subject to the determination of the amount upon consideration of the evidence to be offered upon the question of value. Defendant having elected to take a money judgment, his right to such judgment is absolute, the only question remaining open to the court being the proper amount at which such value is to be assessed. But the course taken by the trial court is calculated to effect the same result, and there was no error therein requiring an appeal to this court to cure. The proceeding calls for no new trial in the ordinary sense of the term, nor further pleading or framing of issues. The defendant is entitled to recover the full fair value of his property. He cannot rightly demand more; and, on the other hand, the plaintiff cannot rightly ask or expect him to take less.

Some argument is offered upon the proper measure of the value of the piano, but that is governed by simple elementary rules, upon which neither trial court nor counsel is likely to go astray, and we will not prolong this opinion for their discussion.

The rulings below will be affirmed on both appeals. The plaintiff will pay the cost of its own abstract. Other costs will be taxed to the defendant.—*Affirmed.*

EVANS, C. J., DEEMER and PRESTON, JJ., concur.