UNIVERSAL C.I.T. CREDIT
CORPORATION, Appellee,

v.

Ronald Lee JONES and George C.
Jones, Jr., Appellants.

No. 2–56554.

Supreme Court of Iowa.

March 19, 1975.

Irish, Skinner & Wieslander, Altoona, for appellant.

Neiman, Neiman, Stone & Spellman, Des Moines, for appellee.

Heard before MOORE, C. J. and MASON, LeGRAND, REES and REYNOLDSON, JJ.

LeGRAND, Justice.

This appeal seeks to settle the competing rights of plaintiff and defendant, Ronald Lee Jones, to a 1969 Rambler automobile owned by defendant and claimed by plaintiff because of defendant's alleged default in payments under a security instrument. Although named as a defendant, George C. Jones, Jr., has no interest in this controversy and is not a party to this appeal.

This case was tried and decided under our replevin law as it existed prior to Thorp Credit, Inc. v. Barr, 200 N.W.2d 535 (Iowa 1972). It is reviewed on this appeal the same way. The constitutional questions decided in that opinion are not now before us.

The trial court found plaintiff had wrongfully detained the vehicle and dismissed its petition. The trial court also entered judgment for defendant in the amount of $1700, the value of the car determined as of October 20, 1970, the date the court found it had been wrongfully converted.

Plaintiff does not appeal, but defendant seeks a new trial on these two grounds: (1) Denial of his demand for a jury trial; and (2) refusal of the trial court to accord him an election under § 643.19, The Code, of taking a money judgment for the value of the car as of January 30, 1973, (instead of October 20, 1970) or a return of the automobile with damages, in either event, for wrongful detention and loss of use.

We find against defendant on the first issue and for him on the second. We therefore affirm in part, reverse in part, and remand the case to the trial court for further proceedings according to instructions hereafter set out.

I. Defendant's claim that he was entitled to a jury trial demands some explanatory statement of the facts.

■ Plaintiff filed its petition on September 8, 1970, and defendant filed his answer on September 28, 1970. More than a year later, defendant filed an amendment to his answer, setting up for the first time a claim for damages for loss of use during the time his vehicle was wrongfully detained. This amendment was properly allowed by the court. See § 643.16, The Code; cf. Barry v. State Surety Company, 261 Iowa 222, 229, 154 N.W.2d 97, 100, 101 (1967).

At the same time, defendant filed this jury demand:

"Comes now the law firm of Irish & Skinner, and on behalf of the above-named [defendant] * * * demands a trial by jury on all the issues in the above-captioned matter."

Denial of this jury request is assigned as error. Until the amendment to answer, there had been no request for jury trial by either party. The right to a jury trial under the pleadings as they then stood was therefore waived. See Rule 177, Rules of Civil Procedure.

■ The amendment raised a new issue—the question of damages for loss of use during the period of alleged wrongful detention. Rule 177(b), R.C.P., provides a jury trial may be had by written demand within 10 days after "*the last pleading directed to that issue.*" An amendment is a pleading. See Rule 68, R.C.P. See also Egan v. Egan, 212 N.W.2d 461, 464 (Iowa 1973) and Hampton v. Burrell, 236 Iowa 79, 87, 17 N.W.2d 110, 115 (1945).

■ Under these authorities defendant was entitled to a jury trial on the issue of damages for wrongful detention but not on the main issue concerning right to possession of the car. His request was for a jury trial on *all* issues. The record does not reflect any indication by defendant to the trial court that he was asking a limited jury trial under Rule 177(c). We assume the trial court considered the request for what it was—a demand for a complete trial by jury.

██ Under this record we cannot say the trial court was wrong. It is possible, although he now argues otherwise, defendant did not want a partial jury trial. When a general jury demand is made, a court should not have to sort out the various issues to see which are triable to a jury and which are not. It is justified in ruling on the request as made.

█ Defendant further claims he is entitled to a jury trial under the discretionary provisions of the rule. See Rule 177(d). No motion for such relief was made and there is nothing before us to review on that issue. See Egan v. Egan, supra, 212 N.W.2d at 464.

We affirm the trial court's denial of defendant's demand for jury trial.

II. The remaining issue concerns defendant's claim for damages. We recite the facts upon which this determination depends.

Plaintiff's petition was filed on September 8, 1970. On the same day, defendant's car was taken under a writ of replevin issued at plaintiff's request. Defendant filed his answer on September 28, 1970. Thirteen months later, on January 26, 1972, defendant amended his answer with leave of court to ask for $7000 for wrongful detention. The amendment virtually conceded plaintiff's right to take the car on September 8, 1970, but alleged defendant had made good any existing default and was then entitled to possession of his automobile. The amendment stated plaintiff nevertheless refused to release the vehicle and that defendant should have damages for such wrongful detention.

A second amendment was filed with leave of court on the day of trial (January 30, 1973) by which defendant asked in the alternative for "judgment in the amount of $2400, said sum representing the reasonable value of the [1969 Rambler automobile] as of the 30th day of January, 1973, when the said plaintiff unlawfully and wrongfully converted said personal property to its own use and possession or in the alternative,

[prays that] this court order and grant permanent and immediate right of possession of said [automobile] to Ronald Lee Jones together with [damages in the amount of $8500 for plaintiff's wrongful and illegal interference with defendant's use and possession thereof.]"

At the conclusion of the trial, the court entered judgment awarding defendant $1700, the reasonable value of the car as of October 20, 1970, the date upon which the trial court found defendant was entitled to the return of his automobile. Although the record is not clear on this point, this was apparently the date upon which defendant paid the defaulted contract installments.

Defendant finds considerable fault with this award of damages. He says, first, he was entitled to elect under § 643.19, The Code, to take either a money judgment for the value of the car or its return. Next, he asserts the trial court should have valued the car as of January 30, 1973, rather than October 20, 1970, because the former is the date upon which the conversion occurred. As part of this complaint defendant insists the undisputed evidence shows the value of the car to be $2400, rather than the $1700 allowed by the court. Finally, defendant says he should have damages for wrongful detention from October 20, 1970, (the date he was entitled to the car's return) until January 30, 1973 (the date he treated the conversion as complete.)

In summary, defendant says the trial court deprived him of his statutory election under § 643.19, used the wrong date to compute damages, disregarded the undisputed evidence in fixing the value of the car, and erroneously ignored his claim for loss of use.

We believe there is merit in defendant's argument and that the case must be reversed on the issue of damages.

█ Under our replevin law the jury (or, in this case, the trial court) must assess the value of the property and the damages for its detention. § 643.16, The Code. Comple-

menting this statute, § 643.19 states in part:

"If the party found to be entitled to the property be not already in possession thereof * * * he may at his option have an execution for the delivery of the specific property, or for the value thereof as determined by the jury * * *."

These statutes do not settle, however, the date upon which the value of the property is to be determined and the damages assessed. These matters can be decided only by reference to our previous decisions under similar circumstances.

It is sometimes said our opinions in this area are contradictory and conflicting. See Powers v. Benson, 120 Iowa 428, 430, 94 N.W. 929, 930 (1903). However, we believe this self-criticism is undeserved. The apparent differences may be reconciled by considering the manner in which the cases were pled, the relief demanded in each instance, and the evidence upon which the particular case was decided.

█ To begin with, if the successful party is not already in possession of the property and if it is still available, it is almost universally agreed he may elect to take either a money judgment for the value of his property or the return of the property itself. See 77 C.J.S. Replevin § 248, § 251 (1952). In Iowa this is a statutory right, and we have interpreted § 643.19 as not only according the winner that option but reserving to him the right to exercise it after trial is completed and before judgment is entered. Prehn v. Kindig, 232 N.W. 812, 813 (Iowa 1930) (not reported in Iowa Reports.); Sheffield v. Hanna, 136 Iowa 579, 588, 114 N.W. 24, 27, 28 (1907); Lowrey v. Schroeder, 190 Iowa 459, 460, 461, 180 N.W. 145, 146 (1920); cf. Marx Truck Line, Inc. v. Fredricksen, 260 Iowa 540, 548, 150 N.W.2d 102, 106 (1967).

The case which is generally used as a starting point in discussing damages in replevin actions is Becker & Degen v. Staab, 114 Iowa 319, 86 N.W. 305 (1901). There we established the rule that a defendant who elects to have a money judgment for the value of his property is entitled to interest thereon from the date the property was wrongfully taken to the date of the judgment and *to nothing more*. However, it is important to note that the time of conversion in that case was the date the property was taken from him. In other words, the case turned upon the time of the conversion.

Several years later, we decided Powers v. Benson, supra, 120 Iowa at 430, 94 N.W. at 930 where we restated the rule and added this:

"A person whose property has been wrongfully taken and detained is entitled to full compensation for his injury and to nothing more. Different conditions may, however, vary the amount which will represent such compensation. In case of property which is of special value for its use, damages for its detention may be recovered when interest on the value thereof from the time when taken to the time of the trial would not make good the injury suffered. *But it is manifest that where the injured party elects to treat the property as converted at the time it was taken from him, and to recover its value at that time, he should not be permitted to recover damages for its detention thereafter.*" (Italics supplied.)

Later in the same opinion we added this:

"It is difficult to establish a rule which shall apply to all cases, without regard to their peculiar facts, and we are not attempting to do so here. *In this case the value of the property at the time it was taken from the defendants on the writ was proven, and the subsequent election to take a money judgment for its value was a waiver of its return, and vested the title in the plaintiff as of the time it was taken.*" (Italics supplied.)

Once more the date of conversion was fixed by the pleadings as the date the property was taken.

Then we decided Newbury v. Gibson, 125 Iowa 575, 577, 578, 101 N.W. 428, 429 (1904).

After acknowledging the right to elect under what is now § 643.19, we said:

"*The pleadings and the evidence show the plaintiff treated the conversion as completed at the time of the trial*, and he asked for the value of the horses at that time. He was therefore entitled to recover the value of their use during their detention from him. *In Powers v. Benson, 120 Iowa 428, 94 N.W. 929, we held that the injured party may elect to treat the property as converted at the time it is taken from him, or to treat it as converted at the time of the trial*, and said: 'But it is manifest that, where the injured party elects to treat the property as converted at the time it was taken from him, and to recover its value at that time, he should not be permitted to recover damages for its detention thereafter.' This rule we believe to be sound, and adhere to it. But if the injured party, by his pleading and proof, elects to treat the conversion as taking place at the time of the trial, and asks to recover the value of the property at that time, he may also recover damages for its detention if it have a special value for its use. Both rules are just, and calculated to fully protect a party whose property has been unjustly taken and detained and such is the intent and policy of the law. In one case, the true owner treats the property as having passed from his ownership at the time it was taken from him, and in such case he should not, of course, recover for the use of another's property, while in the other case he treats it as his property until the trial of the issue, and asks to recover its value then, and, if his claim be sustained, and the property has been wrongfully kept from him, it is but just that he recover the value of its use. This was, in effect, the holding in Becker v. Staab, 114 Iowa 319, 86 N.W. 305. * * *" (Italics supplied.)

▪ We believe these three cases (Becker & Degen v. Staab, Powers v. Benson, and Newbury v. Gibson) form the genesis of what is still our law on damages in replevin cases, when the successful party is not already in possession of the property, assuming the property has not been sold or otherwise disposed of. The rule may be summarized as follows:

(1) The injured party may demand the return of his property plus damages for its wrongful detention.

(2) He may seek judgment for the money value of the property, treating the conversion as complete either at the time it was taken or at the time of trial.

(3) If the former, he may have interest on the value as determined by the trier of fact from the date of the seizure until the date of the judgment and nothing more. The judgment itself, of course, bears interest thereafter.

(4) If he elects under (2) above to rely on a conversion as of the time of trial, he may have the money value of the property as of that date, plus damages for loss of use from the time it was seized until the time of trial.

Relief may be sought in the alternative, and the particular rule applicable in any case depends upon the pleadings and the evidence adduced in support thereof. As we have already pointed out, the election may be postponed until the verdict is in (or trial court findings have been made) and judgment is about to be entered.

For other cases dealing with this problem under varying circumstances, see Colean Implement Company v. Strong, 126 Iowa 598, 600, 102 N.W. 506, 507 (1905); Sheffield v. Hanna, 136 Iowa 579, 588, 114 N.W. 24, 27, 28 (1907); Industrial Credit Company v. Hargadon Equipment Company, 254 Iowa 757, 768, 769, 119 N.W.2d 238, 245 (1963).

Plaintiff relies heavily on Harlan v. Mennenga, 241 Iowa 52, 60, 61, 40 N.W.2d 48, 53 (1949) as authority denying the right to recover damages for loss of use when a money judgment for the value of the prop-

erty is entered. We cannot find as much there as plaintiff does. It is true the decision denies recovery for loss of use, but it does so on the peculiar facts of that case. Any uncertainty as to that is removed by this statement from the opinion:

"This holding is based upon the record in this particular case. We do not by such holding suggest or imply that under particular facts and circumstances the owner of property taken may not recover for the loss of its use in addition to the value thereof." (241 Iowa 61, 40 N.W.2d 53.)

There is considerable diversity among the authorities as to the proper date for the valuation of property in replevin actions. Depending upon the circumstances—and the state—it may be the time of taking, or the time of demand and refusal, or the commencement of the action, or the time of trial. See 77 C.J.S. Replevin § 270, page 193 (1952); 66 Am.Jur.2d Replevin § 129, page 913 (1973).

■ Our own cases make it quite clear the injured party may, at his option, treat the conversion as having taken place when the property was seized or at the time of trial. The date he selects is important in limiting or enlarging his claim for damages for wrongful detention.

■ In the case before us, defendant alleged the wrongful conversion took place on January 30, 1973, the time of trial. Under these pleadings, we hold he was entitled to take a return of his property together with his damages, if any, for wrongful detention or to a money judgment for the value of his automobile as of January 30, 1973, together with his damages, if any, for wrongful detention and loss of use from October 20, 1970, to January 30, 1973.

The trial court erred in holding otherwise and the case is reversed and remanded for further proceedings to fix defendant's damages in accordance herewith.

■ The question of wrongful detention has already been adjudged against plaintiff, and we affirm that part of the judgment.

It is not necessary that there be a new trial, even on the limited issue of damages. Defendant had full and fair opportunity to present his evidence concerning damages and claims that he did so. We considered an identical issue in Busker v. Sokolowski, 203 N.W.2d 301, 304 (Iowa 1972). On remand, the question of damages should be determined by the trial court on the record already made under the rule announced in the *Busker* case and authorities there cited. Cf. Cable Company v. Miller, 173 Iowa 384, 385, 386, 155 N.W. 820, 821 (1916).

■ We do not, of course, express any opinion as to whether defendant is entitled to damages for loss of use nor, if he is, what the amount thereof should be. The measure of such loss is the net market value of the use of the property during the period it was wrongfully detained. See 66 Am. Jur.2d Replevin § 122, pages 909, 910.

■ Plaintiff argues strenuously the record will not support an award of damages for loss of use and that defendant therefore cannot recover in any event more than the judgment already entered in his favor. The matter of such damages was not decided by the trial court, and we cannot say as a matter of law that defendant is not entitled to recover for loss of use.

■ In this connection plaintiff also insists damages cannot exceed the value of the property. We do not believe this is the present rule. Despite what plaintiff says, this was not an issue in Barry v. State Surety Company, supra, and was not discussed or decided there. On this question see 66 Am.Jur.2d Replevin § 119, page 907 and § 121, page 908 (1973) and 77 C.J.S. Replevin § 277, page 202 (1952). See also Higgins v. Guerin, 74 Ariz. 187, 245 P.2d 956, 957, 33 A.L.R.2d 769 (1952) and Steel Motor Service v. Zalke, 212 F.2d 856, 859 (6th Cir. 1954). Cf. Three States Lumber v. Blanks (6th Cir. 1904), 133 F. 479, 484; United Producers and Consumers Cooperative, Inc. v. O'Malley, 103 Ariz. 26, 436 P.2d 575, 576 (1968).

We have not overlooked the obvious fact that defendant's Rambler car is now five years older than when this dispute started. The record shows it was still in plaintiff's possession at the time of trial. We have no way of knowing if it has since been disposed of. On remand, the trial court is authorized to require a showing as to the present condition and whereabouts of the car, if it regards such information important to the supplemental judgment to be rendered.

The case is reversed and remanded for further proceedings in accordance with this opinion.

Affirmed in part, reversed in part, and remanded with instructions.

MOORE, C. J., and MASON and REES, JJ., concur.

REYNOLDSON, J., concurs specially.

REYNOLDSON, Justice (concurring specially).

I concur with the majority's succinct statement of our law applicable to damages in replevin cases, set out in division II of the opinion.

But I respectfully disagree with the holding in division I.

All concede defendant's amended answer, when allowed, injected a new jury issue into the case. The separate jury demand filed at the same time, more than a year before trial, demanded "a trial by jury on all the issues in the above-captioned matter." Plaintiff filed a tardy motion to strike the demand. Trial court sustained the motion to strike without giving any reason.

On appeal, plaintiff seeks to uphold trial court's action by asserting trial court deprived defendant of a jury trial as a condition of its allowance of the amendment. For the purposes of this discussion it may be conceded trial court could have imposed such a condition. See rule 88, Rules of Civil Procedure; Farmers' Handy Wagon Co. v.

Casualty Co. of America, 184 Iowa 773, 775–76, 167 N.W. 204, 205 (1918), opinion supplemented on rehearing, 184 Iowa [773,] 781, 169 N.W. 178. The majority does not elect to follow that rationale, probably because trial court in fact never imposed any conditions. Plaintiff's argument is foundationed on speculation alone.

Secondly, plaintiff argues the demand for jury was filed late. But following defendant's original answer plaintiff filed an amended petition without leave of court repleading the contents of the original petition and other allegations. After plaintiff's motion for summary judgment was overruled, defendant filed an amended answer in which he repled the allegations of his original answer and in addition pled alleged events occurring subsequent to the original answer which produced claimed damages. This amendment was allowed approximately one year before trial. Under these circumstances, plaintiff's assertion the jury demand then filed was late finds no support in the facts.

The majority would uphold trial court for a reason never mentioned by plaintiff: defendant demanded a jury trial on all issues and did not isolate the jury issue raised by the amended answer. This seems a hypertechnical ground for denying the right to a jury and is apparently without precedential authority, as the opinion cites none.

While defendant does not raise constitutional grounds, I suggest in our interpretation of rule 177, R.C.P., we cannot ignore the constitutional mandate that "The right of trial by jury shall remain inviolate * * *." Constitution of Iowa, Article I, Section 9. While the legislature may reasonably limit the manner of obtaining that right, Schloemer v. Uhlenhopp, 237 Iowa 279, 21 N.W.2d 457 (1946), our rules have already moved from an absolute right unless waived, to a demand endorsed on a pleading, to a demand by a separate instrument "not later than ten days after the last pleading directed to that issue." Rule 177, R.C.P. and comment, 2 Iowa Rules Civil

Proc. Annotated, Rule 177, p. 477 [3 ed. 1970]. The constraints our rules exert on this constitutional right should not be further tightened by unnecessarily strict interpretations.

Rule 177 provides a solution for the situation in which a party filing an unlimited jury demand is not entitled to a jury trial of all issues. In that event, "Unless limited to a specific issue, every such demand shall be deemed to include all issues *triable to a jury.*" (Emphasis supplied.). Rule 177(c), R.C.P. Nor do I see anything in our rules or statutes which would indicate an intent to spare trial courts the burden the majority describes as "sort[ing] out the various issues to see which are triable to a jury and which are not."

Lastly, I suggest that nowhere else in our pleading or practice is one who has asked for too much penalized by denying him what he is entitled to. If this startling innovation takes root in our law the hazards of litigation will become even more formidable.

I would reverse on division I as well as division II, and remand for jury trial on all issues.